United States District Court
Southern District of Texas
**ENTERED**
March 30, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | CRIMINAL NUMBER H-12-272-35 |
| v. | § | CIVIL ACTION NO. H-15-3657 |
| | § | |
| STEVEN WORTHEY, | § | |
| | § | |
| Defendant/Petitioner. | § | |

**MEMORANDUM OPINION AND ORDER**

Defendant Steven Worthey has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody ("§ 2255 Motion") (Docket Entry No. 1449). Pending before the court is the government's Memorandum in Response to § 2255 Petition and Motion for Summary Judgment (Docket Entry No. 1467).

Worthey pled guilty to Count One of the Second Superseding Indictment, which charged him with conspiracy to Participate in Racketeering Activity in violation of 18 U.S.C. § 1962(d). Paragraph 10(a) of Worthey's Plea Agreement (Docket Entry No. 953) stated:

> Pursuant to Rule 11(c)(1)(C), FED. R. CRIM. P., the parties agree that any term of imprisonment imposed by the Court in this case should not exceed 240 months.

At Worthey's sentencing hearing the court concluded that his advisory guideline sentence was life in prison without parole.

Nevertheless, in accordance with the Plea Agreement the court sentenced Worthey to 240 months in prison (Amended Judgment in a Criminal Case ("Amended Judgment"), Docket Entry No. 1357). In the Plea Agreement the United States agreed to recommend that any sentence imposed in this action run concurrently with the sentence Worthey was serving pursuant to a 2011 judgment imposed by the District Court of Anderson County, Texas, in Case No. 30185 (Plea Agreement, Docket Entry No. 953, ¶ 10(e)). The court followed this recommendation, and the Amended Judgment states:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 240 months. This term consists of TWO HUNDRED AND FORTY (240) MONTHS as to Count 1S. This term is ordered to run concurrently to the defendant's undischarged term he is presently serving as a result of his conviction in Anderson County, Texas, Cause Number 30185.

In his § 2255 Motion Worthey claims that the Bureau of Prisons has failed to give him credit for all of the time that he has served in federal custody, which he alleges began on November 14, 2012. He also asserts that his plea was not voluntary because it was made in reliance on advice from his trial counsel that he would receive credit for all time spent in federal custody.

At Worthey's sentencing his counsel raised the issue of credit for the time that Worthey had spent in federal custody since November of 2012. The Transcript of the December 9, 2014, Sentencing reflects the following colloquy between Worthey's counsel and the court:

> MR. MOSBACKER: Your Honor, I would like to address that, just briefly, Mr. Worthey was incarcerated in federal custody as of, I believe, November of 2012, and we would like to have credit for all the time he has spent.
>
> THE COURT: I have addressed this with other defendants. He will get credit for that, but he needs to be evaluated by the BOP. The state sentence that is going to run concurrently began on June 1, 2011, so I'm going to let the BOP figure out how to calculate that. The record is clear to reflect when he went into federal custody.
>
> MR. MOSBACKER: Yes, Your Honor.
>
> THE COURT: But I want to make sure what I do doesn't interfere with the concurrent sentence, which is also concurrent with another state sentence.
>
> MR. MOSBACKER: Correct, Your Honor.
>
> THE COURT: So I'm not going to make a finding for the correct calculation of that.
>
> MR. MOSBACKER: Yes, Your Honor.

Transcript of Sentencing, Docket Entry No. 1460, p. 10.

18 U.S.C. § 3585(b) addresses the credit that a federal inmate is entitled to receive against his sentence for prior periods of state custody. In United States v. Wilson, 112 S. Ct. 1351, 1354 (1992), the Court observed that the language of this statute indicated that "computation of the credit must occur after the defendant begins his [federal] sentence. A district court, therefore, cannot apply § 3585(b) at sentencing." Instead, after the defendant has been sentenced "the Attorney General, through the BOP, has the responsibility for administering the sentence." Id. at 1355. Since the Bureau of Prisons ("BOP") and not the court

calculates the manner in which the credit is applied, and since the court did not know whether Worthey was receiving credit against his state sentence for the time in federal custody, the court deferred to the BOP to make the appropriate calculation. As a threshold matter, Worthey has not shown that the BOP improperly calculated the credit for the time he spent in federal custody after November 14, 2012.[1] More fundamentally, Worthey has not shown that in sentencing him the court committed any error that could be redressed in a § 2255 motion.

Worthey has not shown that his trial counsel's performance was deficient. His trial counsel requested that Worthey receive credit, and the court agreed with that request. There is no evidence that Worthey's trial counsel promised him that the BOP would calculate his credit in a particular manner. Moreover, since Worthey has failed to show that he did not receive credit for time he spent in federal custody, he has failed to show that he was prejudiced by his counsel's performance.

Since neither of Worthey's claims has any merit, the United States' Motion for Summary Judgment (Docket Entry No. 1467) is **GRANTED**, Worthey's Motion Under 28 U.S.C. § 2255 to Vacate, Set

---

[1] If Worthey believes that the BOP has erred in calculating his sentence, he must seek administrative review of the BOP's calculation. Only after he has exhausted his administrative remedies may Worthey pursue judicial review of the BOP's calculation. United States v. Setser, 607 F.3d 128, 132-133 (5th Cir. 2010).

Aside, or Correct Sentence By a Person in Federal Custody (Docket Entry No. 1449) is **DENIED**, and this action will be dismissed with prejudice.

**SIGNED** at Houston, Texas, on this 29th day of March, 2016.

 

 

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE